**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2534
_____

UNITED STATES OF AMERICA

v.

BRUCE EVANS, SR.,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:19-cr-00009-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 21, 2025

Before: HARDIMAN, McKEE, and AMBRO, *Circuit Judges*.

(Filed: February 12, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Bruce Evans, Sr., appeals his judgment of conviction for Clean Water Act violations and wire fraud. We will affirm.

I

Evans served concurrently as a supervisor in Greenfield Township, Pennsylvania, and as the manager of the Township Sewage Authority. During his tenure, there were several sewage overflows and Clean Water Act violations. Evans also owned a private business, and he used Authority funds to pay George Everett for work on behalf of the business.

As a result of that conduct, Evans was charged with violating the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and committing wire fraud, 18 U.S.C. § 1343.

At trial, the Government called Daniel App, an employee of First National Bank of Pennsylvania, to prove the wire fraud charge. He testified that First National, like most banks in the United States, converts checks into images before processing them electronically. App confirmed that First National did this for the two checks payable to Everett.

Upon conclusion of the prosecution's case, Evans moved for a judgment of acquittal, arguing that the Government introduced insufficient evidence that he knowingly caused a wire transfer by paying Everett with checks. The District Court denied the motion.

Taking the stand in his own defense, Evans testified that he never read the Authority's permit. Consistent with that testimony, defense counsel argued that the jury

2

had to find that Evans knew he was violating a permit condition to convict him under the Clean Water Act. The District Court disagreed, concluding that the statute established a general intent crime. The Court instructed the jurors that they needed to find that Evans acted knowingly, that is, voluntarily and intentionally. They were not required to find that Evans knew his conduct was illegal or that he had read the permit.

The jury found Evans guilty of most charges, and Evans appealed.

II[1]

Evans first argues that the District Court erroneously instructed the jurors about the requirement that he "knowingly violate[d]" a "permit condition." 33 U.S.C. § 1319(c)(2)(A). He claims that the jury had to find that he knew the permit's conditions. Our precedent says otherwise.

The District Court's instructions were consistent with our decision in *United States v. West Indies Transport, Inc.*, 127 F.3d 299 (3d Cir. 1997). There, we approved of the following instruction in a case involving § 1319(c)(2)(A): "An act is done knowingly if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The purpose of adding the word 'knowingly' is to insure that no one will be convicted for an act done because of mistake, accident, or other innocent reason." *Id.* at 310. As this instruction shows, the knowledge requirement refers to the defendant's actions—not his knowledge of a permit's conditions. *See id.*; *see also United States v. Int'l Mins. & Chem. Corp.*, 402 U.S. 558, 560, 562 (1971) (interpreting the phrase

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

"knowingly violates [applicable regulations]" in a different statute and concluding that it refers to "specific acts or omissions which violate" the statute (internal quotation marks omitted)). So the District Court's instruction was not erroneous.

III

We now turn to Evans's challenge to his wire-fraud convictions. Evans claims the Government introduced insufficient evidence that he knowingly caused a wire transfer. In support, he relies on *United States v. Bentz*, 21 F.3d 37 (3d Cir. 1994). There, a broker in New York used a computer to pay the defendant in Pennsylvania with checks for steel. *Id.* at 38. We held that the use of a wire communication was not reasonably foreseeable because the "use of the wire by a scrap metal storage facility in Pennsylvania which issues checks drawn on a Pennsylvania bank [was] not self-evident." *Id.* at 41. And there was insufficient evidence to conclude that the defendant "should reasonably have anticipated" a wire transmission. *Id.*

Evans's reliance on *Bentz* is misplaced. Here, App testified that First National Bank, like most banks in the United States, converts every check into a digital image before they are electronically processed. There was no such testimony in *Bentz*. App's testimony permitted the jury to find that the use of a wire communication could "reasonably be foreseen, even though [it was] not actually intended." *United States v. Andrews*, 681 F.3d 509, 529 (3d Cir. 2012) (citation omitted); *see also Bentz*, 21 F.3d at 41 (explaining that the "content of reasonable foreseeability must inevitably keep pace with advances in technology and general awareness of such advances" (citation omitted)).

4

## IV

For the reasons stated, we will affirm the District Court's judgment.